MISSOURI, K. & T. RY. Co. v. STATE *et al.*

No. 630. Opinion Filed January 11, 1910.

(106 Pac. 858.)

1. RAILROADS—Regulation by Corporation Commission—Change of Name of Station. Under the grant of power to the Corporation Commission, contained in section 18, art. 9, of the Constitution (Snyder's Const. p. 238), it has authority to require a railway company to change the name of a station on its line of road, where the same is necessary for the proper service and convenience of the public in the transaction of its business as a common carrier.

2. SAME—Reasonableness of Change. A station on a line of railway was named Cale. Thereafter a post office and town were established and built at that place and named Sterrett. There is in this state another station named Cale and other postoffices with names similar, which result in confusion, loss, and delay in shipments of goods. On the same line of said railway, in an adjoining state, another station by the name of Sterrett is located. Complainants applied to the railway company to change the name of its station from Cale to Sterrett, which the company declined to do, but offered to change it to any other name, to be designated by complainants, which would not be identical with the name of any station on its line of road. On a hearing on a petition before the Corporation Commission the evidence showed that a change of the name from Cale to Sterrett would not bring the relief sought, but would in all likelihood result in a continuance of the inconvenience. An order was made requiring the railway company to make such change. Held, on appeal that the same could not be sustained as reasonable and just, and is reversed.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

Proceedings before the Corporation Commission, to require the Missouri, Kansas & Texas Railway Company to change the name of a station. From an order requiring the change, the railroad company appeals. Reversed and remanded.

*Clifford L. Jackson* and *W. R. Allen,* for plaintiff in error.
*Chas. West,* Atty. Gen., and *Geo. A. Henshaw,* Asst. Atty. Gen., for defendants in error.

DUNN, J. This case comes before this court upon appeal from a proceeding before the Corporation Commission of the state. It was instituted on petition by certain citizens of the town of Sterrett, Okla., who will hereafter be called complainants, on the 4th day of June, 1908. The petition recites that the citizens residing at Sterrett have been inconvenienced by reason of the town having one name and the station another; that the town was laid off by the United States government, and it, with the post office, was named Sterrett; that at that time the station on the railway was called Cale, and the town had gone by that name until the establishment of the government townsite; that the post office department was petitioned to change the name of the office to Cale, and refused to do so, on account of there being two other offices in Oklahoma and Indian Territory by the same name; that the complainants since statehood had petitioned the defendant to change the name of its station to Sterrett, giving as a reason therefor the trouble experienced in receiving freight shipments, owing to the fact that there was another station by the name of Cale on the St. Louis & San Francisco line of railroad in Kay county; that this trouble had been increasing lately; that the defendant refused to make the change, for the reason that there was a station by the name of Sterrett on its line of road in Texas; that the company indicated its willingness to select some other name, but that this offer did not take into consideration that it would cause the bank and all corporations that now exist at that town to change, besides in a measure affecting the advertisement which

the place had secured under that name in eight years past. Testimony was taken, and at its conclusion the Commission made an order finding that the evidence substantiated the complaint, and that much inconvenience, delays, and loss of time were sustained by the citizens of Sterrett by reason of the name of the station and town being different, and that the defendant should change the name of its station from Cale to Sterrett. From this order the defendant has appealed to this court.

Two propositions will practically cover the contentions of counsel for defendants. First. That there was error in the Commission taking jurisdiction of the case, because, as is contended, the powers vested in that body by the Constitution of the state do not authorize it to take cognizance of or to adjudicate this controversy. Section 18, art. 9, of the Constitution, setting forth the powers of the Commission, provided among other things that it "shall have power and authority and be charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in the state, in all matters relating to the performance of their public duties and their charges therefor and of correcting abuses and preventing unjust discrimination, and extortion by such companies and to that end the Commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the Commission may, from time to time, alter or amend." It was under the power conferred in the foregoing section that the Commission acted in requiring the company to change the name of the station in this case; and, while we agree with the counsel that all power exercised by boards of this character ought to be clearly granted and invested in them by law, we think that there can be little reasonable doubt that the Commission had the power exercised in this case. The duty involved herein relates solely

to the service and convenience which the company is required to furnish the public in connection with the operation of its railway in the transportation and delivery of passengers and freight. We take it that no one would deny that if a company should choose to give its different stopping places throughout the state no names whatever the Commission would be vested with the power and duty to require names to be given them. The confusion which would grow out of such a situation would be such as to practically destroy to a great measure the effectiveness of a railway company to render proper service as a common carrier. While the people living at the stations along the line might be able to get on and off at the points desired, and while they might be able to have goods transported from one point to another without any definite designation, the confusion arising out of the same would be such as would be intolerable. The desirability of having such stopping places named and designated by different titles or names would be clearly a public convenience, and one which the company should afford, and one which on its refusal or neglect it could be required to perform by the Corporation Commission acting under the section above noted. If, on the other hand, the company should give to its different stations the same name, or give to a number of stations within the state or a county the same name, resulting in confusion to the traveling public and to its patrons as a common carrier, here again would be involved a matter of such public consequence that it would properly come within the jurisdiction of the Commission to require the company to make a change of these names to relieve the condition. The foregoing, of course, are extreme cases; but, if the Commission would have jurisdiction in them, it would have like jurisdiction in a case of lesser magnitude, or where just one name was involved if injury followed, as it would be exercising power of the same kind. If the Corporation Commission had the power in one case, it would have it in the other. Therefore we hold that the relief sought and given was within the power and jurisdiction of the Corporation Commission to grant.

The second contention of counsel for defendant to our minds presents a case of far greater difficulty. It appears from the record that there is a station on the St. Louis & San Francisco line of railroad in Kay county of the same name as the station here under discussion, to wit, Cale, and also there are names of post offices in the state whose names are similar. Hence the post office department has declined to change the name of Sterrett to Cale, and the railway company has declined to change the name of Cale to Sterrett, by reason of the fact that there is on the line of the company of the defendant in Texas a town of the same name, and counsel argue in their brief that:

"Great numbers of immigrants, homeseekers, and people traveling generally, who are unfamiliar with this country and the location of the towns, are continually coming to Oklahoma and Texas. Many of them will be destined to Sterrett, Okla., or Sterrett, Tex. The trainmen are required to call out the names of the stations before reaching same, and of course it will be necessary to call out specifically whether it is Sterrett, Tex., or Sterrett, Okla., that is being approached. But it is a well-known fact that people of limited experience in traveling are prone to make mistakes, and, with every precaution that can be taken, will sometimes disembark at the wrong station, or be carried by. People going south destined to Sterrett, Tex., will be continually getting off at Sterrett, Okla., and people traveling north destined for Sterrett, Okla., will get off at Sterrett, Tex. This confusion will be increased where trains reach these stations during the nightime, and as to female passengers, and the most careful supervision on the part of the plaintiff in error cannot prevent these mistakes. The employees of the railway company engaged in the movement of trains, and having such diverse duties to perform, should not be taxed with this additional labor, from which no compensatory advantage can be derived, and which can be so easily avoided."

The rate expert of the Corporation Commission on this question testified that the general system of the railroad is to keep two towns of the same name off the same system so far as possible. He said:

"As to the result of having two stations of the same name on the same system, I will illustrate with Cale. If it were

changed to Sterrett, shipments going out of Kansas City or St. Louis, or one of the shipping points destined to Sterrett, Tex., or Sterrett, Okla., would necessarily pass through Sterritt, Okla., and both towns are on the main line of the Missouri, Kansas & Texas Railway Company. At the junction point where shipments are made into less than car load freight the agent in a hurry would not stop to see whether it was Oklahoma or Texas. He would probably be familiar with one of the two, and he would bill to the one he was more familiar with. If he happened to remember Sterrett, Tex., the chances are he would not see Sterret, Okla. Most of less than car load shipments from the shipping-centers would have to pass through that system. The freight agents of the Missouri, Kansas & Texas System, now familiar with the town of Sterrett, Tex., would probably never become accustomed to the change. For the first year the confusion would undoubtedly be very great, as a great many goods would be sent on to Sterrett, Tex., and to change the name of that station would cause the same confusion, as they would continue to send the goods there anyway."

To the same point the general superintendent of the defendant company said:

"The town of Sterrett, Tex., some 20 miles below Dallas, has borne that name for a number of years, perhaps 20, and of course all of the bill clerks of the important commercial centers are familiar with the name of Sterrett, Tex., and these men handle the great merchandise routes, and, as the rate expert says, merchandise leaves the important centers in cars heavily loaded. They go to a certain point, and there they break bulk and are divided up. I know from personal experience that shippers don't always place the name of the state on their bill of lading. It isn't always necessary in the majority of the cases where the route is shown, because there is only one station of that name on one system. A man will walk into a ticket office—say for instance he lives at Sterrett, Tex. He says, 'Give me a ticket to Sterrett.' He don't think anything about Sterrett, Okla., and, generally speaking, the ticket agent, if he has the other Sterrett in his mind, will ask what state. Then of course he will give him the correct ticket. If he doesn't, he will give him the ticket to the town he has in mind. It causes a great deal of confusion, as we know from actual experience, and it is against our rule to permit two stations of the same name on our line. We have changed a number recently to overcome that difficulty. We are

opposed to changing the name of the station to conform to the name of the post office. I think we have changed recently three names in Missouri to conform to the post office name. We have a number of other places where the post office name and station name do not conform for some reason, but I think it will be found that to change the name of Cale station to Sterrett, Okla., will be very unsatisfactory to the people of Sterrett, Tex., and Sterrett, Okla. resulting in greater confusion than to retain the name of Sterrett, Okla.. for a post office and the name of Cale. Okla., for the railroad station."

The evidence showed that, by reason of the similarity of the name of the railway station to the names of other post offices or other stations in the state, errors were constantly occurring in the shipment of freight, rendering a great deal of inconvenience and expense, both to the defendant and the general public. Speaking for the complainants, and in reference to the attitude assumed by the railway company, Mr. Matlock, one of the parties, said:

"As to the trouble experienced because of the conflict of names, our currency for the First National Bank is shipped from Washington to Ft. Worth, Tex., and there distributed. It goes to Colbert. The bank receives a card from the express agent at Colbert, telling us there is so much money for us, then it is reshipped to Sterrett. They know better, but they don't always do it. There is another railway station in Oklahoma by the name of Cale. We have experienced trouble in having our goods shipped to the station instead of the town. We have endeavored to have the post office changed from Sterrett to Cale, but have failed because there is a Cade, and the department objects because of the similarity of the names. Our people would not consent to substituting a new name for both station and the post office, because there is no Sterrett or similar name in Oklahoma. The other Sterrett in Texas might just as well be in Tennessee. If the Commission should select several names, I believe that the people will still contend for Sterrett, inasmuch as the charter of the bank of the town has been known as Sterrett. Changing the name of the bank would be breaking two towns in. There are about 800 people in the town. I do not think that the railroad company is trying to antagonize us in this matter. They made overtures to agree upon some name other than Sterrett, and are willing to agree upon some other

name. The reason assigned against Sterrett is because they have a station of the name in Texas. They state that it would be inconvenient on that account."

In view of the foregoing testimony, to our minds there can be no serious question as to the desirability of having the name of the station, town, and post office the same. The question then arises, in view of the fact that the evidence shows that no effective remedy and no complete relief would come by requiring the name of the station to be changed from Cale to Sterrett, Is the order in this regard reasonable and just? The company indicates its willingness to permit the citizens and the post office department to fix upon any name agreeable to them which will not be the same as the name of some other station on its line of road, and this to our minds is so manifestly fair that the order made ought to be reversed to enable the citizens to select some name for the town and station agreeable to them and the post office department. If the company is required to make the change, insisting that it will cause it inconvenience and expense, it ought not to be driven into making a change which all agree will bring confusion to it, and will not promise or give complete relief to the complainants when by the course suggested a complete and final remedy will be secured. The brief inconvenience of a change in the name of the town will pass, and be inconsequential compared to its life, and the earlier it accepts the situation, and acts to end it the better it will be for all. Under the circumstances the order of the Corporation Commission is reversed, and the cause remanded for such further action by the parties not inconsistent with this opinion as they may desire to take.

Kane, C. J., and Hayes and Turner JJ., concur; Williams, J., disqualified and not sitting.