**COLE et al. v. BUNCH.**

No. 11230—Opinion Filed May 31, 1921.

Rehearing Denied Feb. 7, 1922.

(Syllabus.)

**1. Landlord and Tenant—Possession—Presumption of Tenancy at Will.**
"Any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will unless the contrary is shown, except as herein otherwise provided," Sec. 3783, Rev. Laws Okla. 1910.

**2. Same—Possession Under Invalid Lease.**
A tenant in possession of land under a void or voidable lease for one or more years creates a tenancy at will.

**3. Same—"Tenancy at Will."**
A tenancy at will is an estate which simply confers a right to the possession of the premises leased for such indefinite period as both parties shall determine such possession shall continue.

**4. Indians—Invalid Lease of Restricted Land—Right of Action for Rents.**
Where an Indian leases his restricted land for a cash rental, even though the lease be void and the tenant is permitted to occupy the premises during the term of the lease, such Indian cannot thereafter maintain an action to recover the rental value of the land based on a share of the crop for the year so rented.

**5. Landlord and Tenant—Possession Under Void Lease—Liability for Rents.**
Where a tenant enters into possession under a void lease and he is permitted by the landlord to retain such possession, the terms specified in the lease for the payment of rent governs the tenant's liability for rent and the landlord's right to recover for the use and occupancy of the premises.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Eli Bunch against J. B. Cole and T. B. Matthews to recover rents on farming land. Judgment for plaintiff, and defendants appeal. Reversed.

W. J. Crump, R. P. deGraffenried, and Myron White, for plaintiffs in error.

William Neff, L. E. Neff, and Harry G. Davis, for defendant in error.

MILLER, J. This action was commenced in the district court of Muskogee county on June 5, 1919, by Eli Bunch, as plaintiff, against J. B. Cole and T. B. Matthews, defendants, to recover the rental value of certain land belonging to the plaintiff for the years 1916, 1917, and 1918. The case was tried to a jury, and at the close of the trial the court gave a peremptory instruction to the jury to return a verdict in favor of the plaintiff for a certain sum, and the court thereupon rendered judgment on the verdict of the jury. The defendants filed a motion for a new trial, which was overruled, and perfected this appeal. For convenience, the parties will be referred to as they appeared in the court below.

The petition states that the plaintiff is a full-blood Cherokee Indian and so enrolled. Plaintiff's claim is for the use of 80 acres of land, 40 acres of which is his homestead allotment, and the remaining 40 acres a part of his surplus allotment. That by reason of certain acts of Congress his allotment was inalienable and he could not lease the homestead for more than one year at a time. That it is bottom land, and approximately 40 acres was in cultivation, and the remaining part in timber and pasture. Defendants had the use of the land during the years of 1916, 1917, and 1918. Part of the cultivated portion of the land was put in cotton and part in corn each year. He states that in

May, 1917, he enlisted 'n the United States Navy and served in the navy until he was discharged in January, 1919. He then asks that he recover $2,625 as rents for the years 1916, 1917, and 1918, and exemplary damages in the sum of $1,000.

The defendants filed an answer, setting up rental contracts for this land for the years 1916, 1917, and 1918, and alleged that rents had been paid under the terms of the contract. To this answer plaintiff filed a verified general denial. It will not be necessary to make any detailed statement of the defense set up in the answer, as practically all of the defendants' defense has been agreed to in a stipulation of facts entered into by the parties, which is as follows:

"It is hereby agreed by and between the plaintiff by his attorneys, Messrs. Neff & Neff, and the defendants by their attorneys, Messrs. Crump, deGraffenried & White, that the following statement of facts are agreed to and may be offered in evidence in this case:

"First. That the plaintiff, Eli Bunch, is a full-blood Cherokee Indian enrolled and recognized as such.

"Second. That he is the allottee of the land described in plaintiff's petition and is now, and has been, the legal owner thereof.

"Third. That during the year 1915 the plaintiff rented said land to the defendants for agricultural purposes by written contract for one year and by the terms of which the defendants were to pay the plaintiff $75 for the use and occupancy of the said land for the year of 1916, and that said sum was fully paid by the defendants in cash and accepted by the plaintiff in full satisfaction for the rent of said land for the year of 1916. That said contract was dated and executed on October 4th, 1915, for the use of said land for the year of 1916, and that these defendants used and occupied said land under said written contract.

"Fourth. That during the year of 1916, to wit, on July 5th, 1916, the plaintiff again re-rented said land to these defendants for the year of 1917 by written contract executed on said date and by the terms of which these defendants were to use and occupy said land during the year of 1917 for a cash rental of $75, which said sum was then and there paid by defendants and accepted by the plaintiff in full for the use and occupation of said premises for the year 1917, and that defendants occupied said land during the year of 1917 as tenants of plaintiff under said contract.

"Fifth. That during the year of 1917, the plaintiff became a soldier of the United States Government and was enlisted in the navy. During said year he was stationed at New York under the control of the government, and that while in New York these defendants by J. B. Cole wrote to the said plaintiff in regard to leasing the land for the year of 1918, and asked for a rental contract on same and that the plaintiff, Eli Bunch, in reply to this letter advised the defendants that he had left his allotment in charge of Mary Sunday, his mother, and that they must go to see her in regard to renting it. And thereafter, towit, on July 28th, 1917, these defendants went to see Mary Sunday, the mother of the plaintiff, in regard to the renting of said land and thereupon the said Mary Sunday, as the agent of the plaintiff Eli Bunch, entered into a written contract as such agent with these defendants, by the terms of which written contract she let and rented to these two defendants the said allotment of land for the year 1918, for a cash consideration of $75, and that these defendants used and occupied said land during the year 1918 under said written contract entered into with Mary Sunday as the agent of the plaintiff. And it is further agreed that this stipulation may be regarded as part of the pleadings for the purpose of motion on judgment on the pleadings.

"Neff & Neff,
"Attorneys for Plaintiff.
"Crump, DeGraffenried & White,
"Attorneys for Defendants."

The defendants then filed the following motion for judgment on the pleadings:

"Comes now the defendants and moves the court to grant them a judgment on the pleadings together with the stipulation of facts filed herein and of this they pray judgment of the court."

This was overruled by the court. Thereafter a trial was had, with the results as above stated. The defendants make several assignments of error. Before considering any of them we wish to observe that the record discloses plaintiff to be a very intelligent Indian, he having had seven years schooling in the Chilocco Indian School and two years in the common schools before going to Chilocco. It will only be necessary to consider the motion for judgment on the pleadings and stipulation of facts. The motion should have been sustained.

The defendant in error has cited a large number of cases which, as we view this case, have no application, and it will not serve any good purpose to point out the distinguishing features.

The only reason claimed that these leases were void is that they were made prior to the date of the beginning of the lease. The courts have recognized that it is often necessary and to the best interest of the Indian to lease his land prior to the first day of January of the year for which the land is leased.

The plaintiff was satisfied with the rental for the year 1916 of $75 and made no complaint. He certainly could not make a complaint two or three years thereafter. In 1916, he was willing to lease his land for the year 1917 for a cash rental of $75. The defendants continued in possession and put in their crops, all of this occurring before he enlisted in the navy, and he made no objections to it. He certainly cannot be heard to complain two years later. In July, 1917, he instructed the defendants to make arrangements with his mother for the leasing of the land for 1918. Under this instruction they did arrange for the leasing of the land, and on the same terms that he had been willing to lease it for the preceding years. They paid the cash rental in advance as had been their custom, and it does not appear that any undue advantage was taken. If the lease was void so that he could have demanded possession of the premises, yet failing to demand possession, he waived that right; therefore a tenancy at will existed.

This was held in Peters v. Holder, 40 Okla. 93, 136 Pac. 400:

"A tenant in possession under a void or defective lease for a term of years creates a tenancy at will, and, if periodical rent be paid, the tenancy becomes one from year to year. Tate v. Gaines, 25 Okla. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106; 24 Cyc. 1031."

Section 3783, Revised Laws of Oklahoma, 1910, provides:

"Any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will unless the contrary is shown, except as herein otherwise provided."

In Tate v. Gaines, 25 Okla. 141, 105 Pac. 193, Dunn, J., quotes approvingly from Cunningham v. Holton, 55 Me. 33, which court defines a tenancy at will as follows:

"A tenancy at will is an estate which simply confers a right to the possession of the premises leased for such indefinite period as both parties shall determine such possession shall continue. The estate may arise by implication as well as by express words."

Conceding the lease to be void, the rule is that if the tenant goes into possession under the lease and holds under the lease, the terms of the lease stipulating the amount of rent to be paid shall govern the rents the landlord is entitled to receive as well as the amount of rents the tenant is liable for. Evans. v. Winona Lumber Co. (Minn.) 16 N. W. 404; Laughran v. Smith, 75 N. Y. 205; Thurber v. Dwyer, 10 R. I. 355; Larkin v. Avery, 23 Conn. 304; Morrill v. Mackman, 24 Mich. 279.

If the plaintiff had been seeking to obtain possession of the premises because the lease was void, a very different question would be presented here.

It is urged by the plaintiff that he was in the navy from May, 1917, until the end of the year 1918. This is all true, and we believe that every protection should be given the boys who responded to the call of their country. If we say the acts of an agent duly appointed by a person while he was in the service of either the army or navy may be ignored at will, it will open the door for all kinds of fraud. Such a rule would make it unsafe for any person to deal either with the soldier or his agent in any way. The result would be that all of the real estate of the soldier would remain idle and he would not receive any income whatever from it. If he rented the land for cash rent, he could rescind the cash payment clause in the contract and demand that the tenant account on a basis of a share of the crop. If he rented it for a share of the crop and the tenant delivered the agreed share as per the contract, he could then say the rent received was not enough and that it was worth a certain sum on a cash basis and demand settlement on that basis. If any such rule had been established before the war, or if it was known such a rule would thereafer be established, it would have been unsafe for any person to contract to rent land belonging to a soldier or belonging to a person that by any possible means might becomes a soldier. As a result millions of acres would have been uncultivated at the very time the products of the soil were most needed.

The plaintiff contends:

"That where the chairman of the council of defense took charge of the land of a soldier under contracts conceded to be void, and rented the same out, he is chargeable as a trustee for what he collected; that the chairman of the council of defense cannot be allowed to deny that the land was actually worth what he received for its use."

This has no application, for this plaintiff specifically designated his mother as his agent to attend to the leasing of the land for him. The chairman of the council of defense had nothing to do with it.

The plaintiff makes a further statement in his brief (brief of defendant in error) that the lease was void for the reason that Cole and Matthews sublet the land to other parties. This might be grounds to dispossess the persons in actual possession of the premises, but does not in any way affect the rights of the parties in this action.

The judgment of the trial court is reversed, with instructions to sustain the motion of

tne defendants for judgment on the pleadings and stipulation of facts, and render judgment in favor of the defendants and against the plaintiff.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.