## HULL v. SEMPLE.

No. 12616—Opinion Filed Sept. 30, 1924.

1. **Indians—Lease on Restricted Land—Invalidity.**

A lease contract executed by a restricted Choctaw Indian, September 25, 1916, on his restricted surplus allotment for a term of five years, commencing January 1, 1917, and ending December 31, 1921, whether overlapping or not, whether in the course of agriculture or not, whether lessee is in possession or not, is void, being in conflict with the Act of Congress of May 27, 1908.

2. **Same—Occupancy by Lessee as Tenancy at Will.**

A lease made by a restricted Indian covering his surplus allotment, running for a longer period than five years, in violation of section 2, Act of Congress of May 27, 1908, is void, and occupancy by the lessee will not create a tenancy at will.

3. **Landlord and Tenant—Improvements by Tenant Under Void Lease—Recovery of Value.**

A lessee, who voluntarily places improvements on premises which he occupies under a void lease, without the consent of the owner, cannot recover against the owner for the value of same.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Bryan County; Geo. S. March, Judge.

Action by F. P. Semple against J. L. Hull. Judgment for plaintiff, and defendant appeals. Affirmed.

J. G. Ralls and John L. Boland, for plaintiff in error.

McPherren & Hannah, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Bryan county, Okla., by F. P. Semple, appellee

herein, against J. L. Hull, appellant in this court, to recover damages for the unlawful detention of certain farm lands for the years 1919 and 1920. The land originally was the surplus allotment of Wilson Gibon, a full-blood Choctaw Indian, and on September 21, 1916, the said Gibon executed a written lease to one P. Z. Roland for the term of five years, to begin January 1, 1917, and expiring on December 31, 1921. On the 8th day of August, 1917, the said P. Z. Roland assigned said lease to the appellant, J. L. Hull, who went upon same and retained the possession thereof at all times hereinafter mentioned.

Subsequent thereto the said Wilson Gibon died, and on or about the 16th day of June, 1919, the appellee, Semple, became the owner of said land by purchase from the heirs of said Wilson Gibon, and demanded possession of same from the said Hull, and upon his refusal to deliver the possession or pay rent to the said Hull this suit was instituted. It appears from the record of this court that prior to the institution of this suit that another suit was instituted for the specific purpose of canceling the lease here in question, and is styled the case of Hull v. Morris, 97 Okla. 246, 223 Pac. 361, in which case the lease was declared to be void, and this suit is for damages for the unlawful detention of said premises for the years of 1919 and 1920.

The defendant avers in his answer and here contends, first, that the lease is a valid lease, which contention has been determined by the case heretofore referred to adversely to the contention of appellant, Hull; and, second, he contends that although the lease be void that he became a tenant at will, and was entitled to retain possession of said premises, and can only be held liable for the rental value thereof as set forth in the contract, to wit, $55 per annum. He further urges in his answer that he has placed lasting and valuable improvements upon said premises of the value of $600. The cause was tried to the court without the intervention of a jury and the court found in favor of the plaintiff and against the defendant, finding the rental value of said lands to be of the value of $500 per annum for the years of 1919 and 1920. From which judgment of the court the defendant prays an appeal and sets forth numerous assignments of error, but only argues three propositions in his brief. First, he contends that the lease is valid and not in conflict with the federal statutes prohibiting the execution of a lease by restricted Indians for a period of more than five years, but as this matter has been definitely determined

in the case of Hull v. Morris, supra, we deem it unnecessary to enter into any discussion of that question in this case, but merely adopt the opinion wherein this court held that:

"A lease contract executed by a restricted Choctaw Indian, September 25, 1916, on his restricted surplus allotment for a term of five years commencing January 1, 1917, and ending December 31, 1921, whether overlapping or not, whether in the course of agriculture or not, whether lessee is in possession or not, is void, being in conflict with the act of Congress of May 27, 1908."

The second proposition urged by the appellant is that by reason of the fact that he was permitted to remain in possession of and occupy the lands under said contract, although it be found to be void, that he became a tenant at will and the plaintiff was entitled to recover only the rentals provided in the lease contract, and cites the case of Cole v. Bunch, 85 Okla. 38, 204 Pac. 119, in support of this contention. This case, however, has been reversed by the Supreme Court of the United States on November 19, 1923, and is found in the Bunch v. Colo. 263 U. S. 250, wherein the Supreme Court said:

"That court (referring to the decision by the Supreme Court of Oklahoma, in 85 Okla. 38) treated the leases for both years as void; but construed and applied a statute of the state as in effect requiring that the lease be regarded as creating a tenancy at will and controlling the amount which the plaintiff was entitled to demand and receive. This was done over his objection that the state statute, so construed and applied, was in conflict with the congressional restrictions, and therefore was invalid. * * * Obviously as a lease which Congress, in the exertion of its power over land allotted to an Indian ward, pronounced absolutely void cannot be validated or given any force by a state; and a state statute, which requires that such lease be regarded as effective for any purpose is necessarily invalid in that respect. Monson v. Simonson, supra; Mullen v. Pickens, supra.

"The Supreme Court of the state, although recognizing the invalidity of the leases under the congressional restrictions, construed and applied a statute of the state, (sec. 3783, Rev. Laws 1910) as in effect requiring that the leases be regarded as creating a tenancy at will and controlling the compensation which the allottee could demand, and the defendants should pay for the occupancy and use of the land. We, of course, must treat the local statute as intended to operate as that court says it does, and must determine its validity on that basis. In that view of it, we think the conclusion is unavoidable that it gives force

and effect to leases which a valid enactment of Congress declares shall be of no force or effect, and that in this respect it must be held invalid under article VI, ch. 2, of the Constitution of the United States. The state court was persuaded that its conclusions had support in decisions dealing with leases made between parties entirely competent to make them but not executed in conformity with local laws, such as the statute of frauds. But decisions of that class are not apposite. These leases were made in violation of a congressional prohibition. They were not merely voidable at the election of the allottee, but absolutely void, and not susceptible of ratification by him. Nothing passed under them and none of their provisions could be taken as a standard by which to measure the compensation to which the allottee was entitled for an unauthorized occupancy and use of his land."

And we think under this authority it is clear that tenancy at will cannot be created or grow out of a void lease.

The third proposition urged by appellant is the question of his right to recover for certain improvements alleged to have been placed upon said premises during his occupancy of same, but we think it self-evident that if the lease is void under which he held, and that no tenancy at will existed, there would be no grounds existing under which he could recover for improvements voluntarily placed upon said premises, in the absence of any contract or agreement of any kind or character authorizing the same. The general rule relative to compensation for improvements by tenants is stated in 24 Cyc. 1104, as follows:

"A landlord is not liable to his tenant for the value of improvements voluntarily made by the latter, in the absence of an agreement creating such liability; the tenant's right extending no further than that of removal of them before the expiration of his term. This is especially true where such improvements are made without the consent of or against the protest of the lessor."

And when no contract exists creating the relation of landlord and tenant, the rule would apply with greater force. Finding no error in the record, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.