## JONES v. GOLDSBERRY et al.

No. 16505—Opinion Filed June 1, 1926.

**1. Infants—Invalidity of Unauthorized Lease by Father.**

A lease of real estate belonging to a minor made by the father of such minor who was not the administrator, executor, guardian or curator of said minor, and which was not approved by the county court or judge having jurisdiction of the estate, is void.

**2. Landlord and Tenant—Tenancy at Will —Necessity for Owner's Actual Consent to Possession.**

Mere knowledge by the owner of real estate in possession of third parties under a lease executed by a stranger to the title, of such possession, is not sufficient to give rise to tenancy at will. There must be some language or conduct on the part of the owner assenting to the possession held by such party in order to give rise to the relation as defined by section 7341, C. O. S. 1921.

(Syllabus by Foster, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Marie Wilda Jones against Frank Goldsberry, Ed Shultz, T. J. McCarty, J. F. Buffey, Guy Roice, and Ed Roice to recover the possession of 80 acres of land located in Craig county, and damages for the unlawful detention thereof. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Patten & Rye, for plaintiff in error.

Roberts & Clark, for defendants in error.

Opinion by FOSTER, C. The plaintiff in error, as plaintiff, brought her action in the district court of Craig county on the 29th day of September, 1924, against the defendants in error, as defendants, to recover the possession of 80 acres of land located in Craig county, and for damages for unlawfully withholding the possession of the same during the year 1924. It appears that the land in controversy was part of the allotment of Velma Nadine Walker, a Cherokee citizen, whose father, H. J. Walker, had in the year 1918 and during the minority of the allottee, executed to one Frank Goldsberry a farm lease for the years 1922, 1923, and 1924. Parties will be hereinafter referred to as they appeared in the trial court.

It appears also that for the year 1924, the defendant Goldsberry had subleased portions of the land to the defendants Ed. Shultz, T. J. McCarty, J. F. Buffey, Guy Roice, and Ed Roice, who occupied and cul-

tivated a crop on the part so let to them during the year 1924.

The defendants asserted title and right of possession in the land for the year 1924, under an assignment of a lease for the years 1919, 1920, and 1921, with the consent of the allottee and her guardian, H. J. Walker, which assignment they alleged had been, in the year 1918, extended for the years 1922, 1923, and 1924, by virtue of a lease contract which they attached and made a part of their answer. Soon after the institution of her action, the plaintiff secured the appointment of a receiver, who seized the growing crops on the land and held them subject to the orders of the court.

The defendants filed a cross-petition, in which they claimed certain damages by reason of the unlawful interference of the receiver appointed at the instance of the plaintiff, in seizing and taking possession of their crops. The cause proceeded to trial, and at the conclusion of plaintiff's evidence the court sustained defendants' demurrer thereto, and the cause being submitted to the jury upon the cross-petition of the defendants, thereafter rendered judgment in accordance with the jury's verdict in favor of the defendants under their cross-petition, for $80 in favor of Frank Goldsberry, and for $55 in favor of each of the other defendants.

From this judgment and from an order overruling her motion for a new trial, the plaintiff appeals to this court for review. Several errors are assigned, but in our view of the case the disposition now to be made of the cause turns on the correctness of the action of the trial court in sustaining defendants' demurrer to plaintiff's evidence.

The plaintiff sought to recover possession of the land upon the strength of her title as disclosed by a deed of conveyance from the allottee after her legal majority in September. 1923, to James A. Jones, and by a subsequent deed executed about December 1, 1923, by the grantee, Jones. to the plaintiff.

The evidence on the part of plaintiff further disclosed that the lease under which the defendants asserted their claim was executed during the minority of the allottee, Velma Nadine Walker, by her father who had never been appointed as her legal guardian.

There was evidence also that the defendant Goldsberry had paid to H. J. Walker, the father of the allottee, the entire rental agreed upon for the years 1922, 1923, and 1924, while the allottee was still a minor. So far as our examination of the record

discloses there was no evidence that the allottee, Velma Nadine Walker, after she attained her majority, or her subsequent grantees, ratified the contract of the father of the allottee, H. J. Walker, in which he attempted to lease the land to the defendant Goldsberry in the year 1918, or that any of them recognized the possession of the defendants and assented thereto, so as to give rise to a tenancy at will under the provisions of section 7341, C. O. S. 1921.

On the contrary the evidence on the part of the plaintiff tended to show that the allottee. at the time she conveyed the land to plaintiff's grantor, promised possession of the land for the year 1924, and that plaintiff purchased the land from her brother-in-law, James A. Jones, with this understanding. By the demurrer interposed by the defendants to the evidence of the plaintiff, these facts and the inferences logically to be drawn therefrom were admitted.

To our minds these facts established prima facie that the lease relied on by the defendants was void, and that their possession was unlawful. It has been established in this state, that a lease of real estate belonging to a minor. made by the father of said minor who was not the administrator, executor, or guardian of said minor, and which was not approved by the county court, is void. Baker v. Fox, 57 Okla. 544, 157 Pac. 340.

There is nothing in the record before us, from which it can be concluded that the lease, under which the defendants claimed, was void under the regulations of Congress governing the leasing of restricted land by restricted Indian lessors, which would operate to prevent the creation of tenancy at will in the land in controversy under state law or upon equitable grounds. So far as the record before us discloses, the invalidity of the lease of defendants, if it is invalid, arises entirely out of the fact that it was executed by a stranger to the title.

This fact, unlike a lease of a restricted Indian taken in violation of the leasing of regulations of Congress, would not prevent a valid tenancy at will from ensuing under appropriate conditions. The conditions referred to exist when the owner of land in the unlawful possession of third parties unequivocally assents to such possession. It may be manifested by conduct and declarations on the part of the owner evidencing a recognition of the rights of the occupant. If the occupant has not previously paid the rent it may be manifested by the acceptance of rent from the occupant.

in the instant case the defendants had previously paid the rent for the entire term to the father of the allottee prior to the arrival of the allottee at full age, and as before mentioned there is no evidence of any ratification of this transaction.

Mere knowledge, by the owner, of possession held by strangers to the title, is not sufficient to give rise to a tenancy at will. There must be some language or conduct on the part of the owner assenting to the possession held by such strangers in order to give rise to the relationship as defined by section 7341, C. O. S. 1921.

Until the occupant establishes the assent of the owner to his possession. he must be deemed to be a mere trespasser and liable to the true owner for the fair value of the use and occupation of the land during the period of his unlawful occupancy. There being no legal relationship existing between the owner and such occupant, no notice is necessary in order to terminate the possession and enable the owner to repossess the land. Section 7348, C. O. S. 1921.

The case of Cole et al. v. Bunch, 85 Okla. 38, 204 Pac. 119, subsequently reversed by the Supreme Court of the United States upon an Indian proposition; the case of Tate v. Gaines, 25 Okla. 141, 105 Pac. 193. and other Oklahoma decisions, holding that immediate possession given by the lessor in a void lease or by a grantor in a void deed creates a tenancy at will, are not applicable to the facts in the instant case, where the occupant is holding under a third party who is a stranger to the title. In the cases under consideration in the decisions referred to, the act of the lessor in placing the lessee in possession was equivalent to an assent by him to such possession which would create a tenancy at will.

In all cases where the rights of restricted citizens of the Five Civilized Tribes are not involved, an occupant of land, who is a total stranger to the title, must establish an assent by the owner to his possession in some form before he can obtain recognition as a tenant at will, and when, as in the instant case, the owner introduces proof to show that the defendant is in possession under a lease, void because executed by a stranger to the title, he makes out a case entitling him to recover the land, and if there is any legal evidence of the rental value of the land during the period of unlawful occupancy he may recover that also.

The right to recognition as a tenant at will of the owner then becomes a matter of defense on the part of the occupant, and this status is not established merely by proof that his lease was a matter of record and that the owner had knowledge thereof. Defendants criticise the theory of damages claimed by plaintiff in her petition for the alleged detention of the real estate and the evidence offered by her to prove the same.

Not being in possession of the land, and in the absence of any allegation in her petition of permanent injury to the land itself, we are inclined to think, under the rule laid down in the case of Casey et al. v. Mason, 8 Okla. 665, 59 Pac. 252, that plaintiff would be limited to a recovery for the fair rental value of the land during the period of unlawful occupancy. Irrespective of whether the plaintiff made out a case entitling her to recover anything as damages for withholding the property, there was no failure of proof to sustain plaintiff's claim of right to recover the land itself.

We have no idea, and therefore express no opinion, as to whether the plaintiff ultimately will be able to establish her claim that the defendants were trespassers on the land and liable as such, but undoubtedly she had a right to have this theory submitted to the jury under proper instruction from the court.

The action of the trial court in sustaining defendants' demurrer to plaintiff's evidence, and rendering judgment in favor of the defendants under their cross-petition, operated, we think, to the substantial prejudice of the plaintiff. The judgment of the trial court is therefore reversed. and the cause remanded, with directions to grant plaintiff a new trial.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 1081 §184. (2) 35 C. J. p. 1120 §338.