## SULLIVAN v. CARY.

In action by a landlord against his tenant, under the thirteenth section of the Forcible Entry and Detainer Act, plaintiff must show a demand in writing for possession of the premises.

Where in such case the complaint verified alleges such demand, and the answer verified instead of *specifically* denying the allegation, denies generally "each and every allegation" in the complaint: *Held*, that this general denial puts plaintiff on proof of demand, and of everything necessary to maintain the action.

An answer in a Justice's Court, denying generally the allegations of the complaint, conforms substantially to sec. 574 of the Practice Act.

Sullivan *v.* Cary.

In an action by a landlord against his tenant, under the thirteenth section of the Forcible Entry and Detainer Act, where the evidence showed a tenancy from year to year, plaintiff must show that he has terminated the tenancy by notice to quit; and if the tenant be permitted to hold over without notice to quit, a new term is created and he cannot be legally dispossessed.

Where the questions in a case arise upon motion for nonsuit, and upon the action of the Court in giving and refusing instructions, a motion for new trial is unnecessary.

APPEAL from the County Court of Napa.

Forcible entry and detainer in a Justice's Court. The complaint, which was verified, alleges that heretofore plaintiff leased defendant twenty-five acres of land, on which defendant now resides, and that the lease terminated by limitation on the first day of October, 1859; that on the thirteenth of the same month, plaintiff, in writing, demanded of defendant possession of said land, which was refused. The answer, also verified, first denies, generally, each and every allegation in the complaint, and then specifically denies that defendant ever received a lease from plaintiff, and avers that he entered into possession of the premises under and by virtue of a contract with one Downing, on or about Nov. 10th, 1854, which contract has not yet expired, but will remain in force until about October or November, 1861; that defendant has been in the quiet, actual and peaceable possession of the land since Nov. 10th, 1854, and is still in possession; that said Downing had a lease of the premises from plaintiff, executed in November, 1851, for the term of ten years, which lease, plaintiff, as defendant, is informed and believes, has been taken by plaintiff from Downing's premises without his consent.

Defendant had judgment in the Justice's Court, from which plaintiff appealed to the County Court, where on trial *de novo* the only evidence was the testimony of one witness on the part of plaintiff, to the effect that about the month of March, 1859, he was working for plaintiff at defendant's residence, planting out fruit trees, and heard defendant say he had the premises under a lease for five years, which was to have been reduced to writing, but that the matter had been put off from time to time, and the writing had

Sullivan *v.* Cary.

never been executed; that the said lease would expire October 1st, 1859; that he was to pay plaintiff seventy-five dollars per annum rent, and that plaintiff was to pay him for his improvements; and that defendant said he would quit about the first of October, 1859, when his lease expired. On this evidence plaintiff rested. Defendant moved for a nonsuit on the grounds, 1st. That plaintiff had failed to make out a case. 2d. That plaintiff had failed to prove any notice to quit. Overruled, defendant excepting.

The Court then gave the following instructions at plaintiff's request:—

1. That though a parol lease for five years be void by the statute of frauds, yet it enures as a tenancy from year to year, if the tenant enter and hold under it, and it will regulate the terms of the tenancy in other respects, as the rent and the time of year when the tenant must quit.

2. If the jury find from the evidence that Sullivan and Cary had an agreement under which Cary was to occupy the premises for five years at an annual rent of seventy-five dollars, and that it was agreed that the lease was to be put into writing, yet if the defendant entered under the agreement and enjoyed the premises, he was bound to quit at the expiration of the five years.

3. If the complaint specifically charges a demand of the premises in writing under oath, and the answer does not specifically deny the same, the fact of a demand must be taken as admitted.

Defendant asked the following instructions, the first and third of which were given, and the second and fourth refused:

1. If the jury find from the evidence that defendant has been in possession of the premises for over one year after the termination (of the period) for which they were demised, they must find for defendant.

2. If the jury find from the evidence that Cary entered and held the premises under a verbal lease for more than one year, and that he has been in quiet and peaceable possession of the premises for one whole year next before the commencement of this action, they must find for defendant.

3. If the jury fail to find from the evidence that plaintiff has

demanded the possession of the premises, in writing, before the commencement of this action, they must find for defendant.

4. If the jury find from the evidence that defendant has been in quiet and peaceable possession of the premises for the period of three years, they must find for defendant.

Verdict for plaintiff for restitution of the premises. Judgment accordingly, on the third day of December, 1859. There does not appear in the record any notice by defendant of his intention to move for a new trial, but December 19th, 1859, a stipulation was entered into between the parties, that defendant have five days from date in which to file his statement on motion for a new trial. The statement was settled and signed by the Judge, and filed February 23d, 1860, and March 12th, 1860, the motion was heard and denied. Defendant appeals.

*Wallace & Newell*, for Appellant.

I. The Court erred in refusing to nonsuit the plaintiff in the Court below.

The evidence adduced by plaintiff failed in all the essential requisites required by our statute to authorize a recovery in this action. It was not shown by the proof that there was any forcible or unlawful holding over, nor was any notice to quit shown. (*Reed* v. *Grant*, 4 Cal. 176.) In such case the holding over is the foundation of the action, and must be proven like any other substantial fact. The defendant is not bound to prove the surrender. (Id.)

In all these cases there must be a notice in writing to quit. (13th Sec. of Forcible Entry Act, Wood's Dig. 469; *Garbrell* v. *Fitch*, 6 Cal. 189; *Kay* v. *Armstrong*, 4 Id. 208.) The term being at an end, to prevent by nonaction a tenancy from year to year being created, the landlord, by giving notice in writing, can make the possession of the tenant illegal, and the possession being illegal, an absolute refusal to surrender authorizes this summary action.

Again : The proof shows this to have been a tenancy for a number of years; and the lease was to have been reduced to writing,

but was not; and it was necessary for plaintiff to put an end to the tenancy by giving the defendant a common law notice to quit. Time of said notice must have been six months, and ended with the current year.

Our statute does not define the time or the necessity of such notice, but the common law is adopted, and includes the necessity. (Taylor on L. and T. 305, 306, 309.)   As to the time, see Adams on Ejectment, 142, 143 and cases there cited; *Church* v. *Miller*, 7 Cow. 747.

II. The Court erred in giving the third instruction asked by plaintiff.

1. It presents to the jury the pleadings for their judgment.

2. It contains an absurd proposition of law.   Our forcible entry act requires the complaint to be sworn to, but no where requires the answer to be verified.

In criminal proceedings before Justices, the statute requires a complaint in writing sworn to.   There is no necessity any more in one than in the other, that the answer shall be verified; much less does it require each allegation in the complaint to be specifically denied, as in the District Court civil practice.   In all other cases the verdict is " for the plaintiff," or " for the defendant;" in this it is " guilty " or " not guilty."   This is a quasi criminal action. It partakes more of the nature of a criminal than civil action.

*A. Thomas*, for Respondent.

1. There was no notice given by the defendant to the plaintiff of his intention to move for a new trial within the time prescribed by Sec. 195 of the Practice Act.

2. The statement was not filed within the time required by the said section, nor within the time extended by the stipulation of the plaintiff.

There was no notice whatever given to the plaintiff of the intention of the defendant to move for a new trial.   The stipulation, which is inserted in the record, only extends the time for the making out of the statement on motion for a new trial, and cannot be construed into a waiver of notice.

The statement on motion for a new trial was not filed within the time prescribed by law, or within the time given by the stipulation.

Nothing, then, being under consideration in this Court but the judgment roll, and no errors assigned as to anything that appears there, the judgment must be affirmed.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action by a landlord against a tenant, under the thirteenth section of the Act concerning Forcible Entries and Unlawful Detainers. Various errors, sufficient to reverse the judgment, were committed at the trial. It was necessary for the plaintiff to show that before the action was commenced he had demanded in writing the possession of the premises. Such demand was alleged in the complaint, and was not *specifically* denied in the answer, and the Court held that it was to be deemed admitted. But the answer denied generally " each and every allegation " in the complaint; and this, we think, was sufficient to put the plaintiff upon proof of everything necessary to maintain the action. An answer in a Justice's Court, denying generally the allegations of the complaint, conforms substantially to the requirements of the statute. (Prac. Act, sec. 574.) It was also necessary for the plaintiff to show that he had terminated the tenancy by a notice to quit. The effect of the evidence was to establish a tenancy from year to year, and if the defendant was permitted to hold over without notice, a new term was created, and he cannot be legally dispossessed. (Adams on Ejectment, 143.)

The points made by respondent's counsel are immaterial. The questions in the case arise upon a motion for a nonsuit, and upon the action of the Court in giving and refusing instructions. A motion for a new trial was therefore unnecessary.

Judgment reversed, and cause remanded for a new trial.