## HANCOCK v. MAURER et al.

No. 13222—Opinion Filed Oct. 7, 1924.

1. **Landlord and Tenant—Tenancy at Will —How Created.**

A tenancy at will is the holding of the possession of real estate by the consent of the owner for an indefinite period of time. The consent of the landlord may be either express or implied. The payment of rent is not an essential feature to create the tenancy.

2. **Same—Termination of Tenancy.**

As the presumption is that the tenancy may continue for an indefinite number of years and being of uncertain duration, the termination of the tenancy on the part of either is dependent upon such party giving notice to the other of his intention before the expiration of any year. The death of either the landlord or tenant during the existence of the tenancy will terminate the relationship.

3. **Same—Tenancy at Sufferance After Death of Landlord.**

After the death of the landlord, the continued possession of the tenant is at sufferance, until the new owner expresses his consent for the continuing possession.

4. **Same—Termination of Tenancy—Notice.**

A tenant at sufferance is one who rightfully comes into possession of real estate for a certain period of time and continues to hold the possession after the expiration of the rightful tenancy, without the express or implied consent of the owner. Notice is not required to terminate a tenancy at sufferance.

5. **Same—Change of Tenancy at Sufferance to One at Will.**

The fact that the tenant may occupy the premises with the knowledge of the owner does not change the tenancy from sufferance to one at will. In order to effect the change of possession from one at sufferance to one at will, the latter possession must be with the express or implied consent of the landlord.

6. **Judgment Sustained.**

Record examined; held, the evidence supports the judgment for plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; Will Linn, Judge.

Action by Lon, Edward, Sylvester, and Chas. Maurer, by their guardian, Ada Mullen, for forcible entry and detainer proceedings, against W. H. Hancock for possession of certain real estate. Judgment for plaintiffs in justice court. Defendant appeals to the district court. Judgment for plaintiffs in district court. Defendant appeals. Affirmed.

Blanton, Osborn & Curtis, for plaintiff in error.

Bailey & Hammerly, for defendants in error.

Opinion by STEPHENSON, C. Mary Maurer, a citizen by Indian blood, was allotted the 10 acres of land in controversy. The allottee gave consent to her son, Lou Maurer, Sr., prior to the year 1914, to build a residence upon the land and occupy the same with his family for an indefinite period of time. The plaintiffs in this action are children of Lon Maurer, and his wife, Eunice Maurer. The son constructed the residence upon the land and went into possession of the same with his family. During his occupancy, and in the year 1914, he died, leaving his wife and plaintiffs in possession of the property. Later the widow and plaintiff in error, W. H. Hancock, were married and the latter occupied the premises with his wife, who had been appointed guardian for the plaintiffs. In the year 1916 the allottee, who was the grandmother of the plaintiffs, died, leaving the property in question, by will, to the plaintiffs. Eunice Hancock, nee Maurer, died in September, 1920, leaving the plaintiffs and defendant in possession of the property. Immediately after the death of the mother, Ada Mullen the sister of the latter, took the minor plaintiffs into her home and was appointed guardian for the person and estate of the plaintiffs. The defendant, W. H. Hancock.

continued in the possession of the land and refused to deliver possession to the guardian for the minors. In December, 1920, the guardian caused preliminary notice to a forcible entry and detainer proceeding to be served on the defendant, demanding possession of the property for the minors. The defendant refused to deliver possession and the plaintiffs commenced their action in forcible entry and detainer proceedings in the justice court against the defendant for the possession. Judgment went for the plaintiffs. The defendant appealed the cause to the district court, where judgment again went for the plaintiffs. The defendant has appealed the cause to this court and seeks reversal, in the main, on the ground that the evidence is insufficient to support the verdict and judgment. The defendant did not introduce testimony in the trial of the cause in the district court. Here, the defendant asserts that his occupancy was that of a tenant at will, and that it required notice from the plaintiffs to terminate the tenancy according to section 7344, Comp. Stat. 1921. The only notice given by the plaintiffs to the defendant was the notice required by section 1051, Comp. Stat. 1921, preliminary to the commencement of a forcible entry and detainer action. The soundness of the judgment rendered by the district court in favor of the plaintiffs is measured by the relationship existing between the plaintiffs and defendant at the time of the commencement of the action. Where the tenant goes into possession of real estate for a certain period of time under contract with the landlord, if the tenant continues to hold the possession of the property after the expiration of the fixed tenancy with the consent of the landlord the possession of the holder is a tenancy at will. At common law the simplest form of a tenancy at will was where the landlord let another into possession of his land to hold the same for an indefinite period of time at the will of the lessor. Thompson v. Baxter, 107 Minn. 122, 119 N. W. 797, 21 L. R. A. (N. S.) 575; Harris v. Frink, 49 N. Y. 24, 10 Am. St. Rep. 318; Jones v. Temple, 87 Va. 210. 12 S. E. 404, 24 A. S. R. 649. Stedman v. McIntosh, 26 N. C. 291, 42 Am. Dec. 122. It is a well settled principle of law that the tenancy of an estate which is at the will of one of the parties, is equally at the will of the other party. The parties are equally bound and it follows that either may terminate the tenancy at will by notice. Knight v. Indiana Coal Co., 47 Ind. 105, 17 Am. Rep. 692; Idalia Realty Co. v. Norman, 232 Mo. 663, 135 S. W. 47, 34 L. R. A. (N. S.) 1069. See notes 34 L. R. A.: (N. S.) 1071, and L. R. A. 1915-D 468. The con-

sent of the landlord for the tenant to occupy the premises may be either express or implied. If the landlord has knowledge of the occupancy, permissive acts on the part of the landlord giving evidence of consent for continued possession may be deemed sufficient to create the tenancy. Coal v. Bunch, 85 Okla. 38, 204 Pac. 119; Tate v. Gaines, 25 Okla. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106. A tenancy at will may be created by mere permissive occupancy as where the owner of the land permits another to occupy it and take care of it without any lease or agreement to pay rent. 24 Cyc. 1036, and 1037; Jones v. Temple, supra. The requirement of the law that notice be given by either party of his intention to terminate the tenancy rests upon the principle that the relationship being for an indefinite number of years, and of uncertain duration, either party should have notice of the others intentions to terminate the relationship. Gladwell v. Holcomb, 60 Ohio St. 427, 54 N. E. 473, 71 A. S. R. 724. The tenant may terminate the relationship of a tenancy at will by acts inconsistent with the purpose of continuing the tenancy (Bennoch v. Whipple, 12 Me. 346, 28 Am. Dec. 186) as where the tenant denies or repudiates his landlord's title. Appleton v. Ames, 150 Mass. 34, 22 N. E. 69, 5 L. R. A. 206. Where the tenant at will commits waste it will have the effect of terminating the tenancy and the landlord may immediately commence proceedings for reentry without giving notice of the intention. Daniels v. Pond, 21 Pick. (Mass.) 367, 32 Am. Dec. 269. The death of either the landlord or tenant will destroy a tenancy at will, and entitle the person who inherits the reversion to possession without giving the holder notice, which is ordinarily required to terminate the tenancy. See notes to 23 L. R. A. 708, and 15 Eng. Rul. Cas. 674. In a tenancy at will, the death of the landlord has the effect of changing the possession of the tenant at will to one at sufferance, and this new relationship continues between the occupant and new owner of the title, even though the latter has knowledge of the possession, until the new holder of the title gives his consent to the continued occupancy, at which time again comes into existence the status of a tenancy at will. Alpine Tp. School Dist. v. Batsche, 106 Mich. 330, 64 N. W. 196, 29 L. R. A. 576; Thompson v. Baxter, supra. The most usual instance of a tenancy at sufferance is where a tenant for a term of years holds over after the expiration of the term, in which instance it is at the option of the landlord to treat him as a tenant at sufferance. Long v. Grant, 163 Ala. 507, 50 South. 914, 136 A. S. R. 86;

Kuhn v. Smith, 125 Cal. 615, 58 Pac. 204, 73 A. S. R. 79. A tenant at sufferance had at common law no appreciable estate in the land, and it appears that the theory of such a tenancy was primarily adopted for the purpose of protecting the rights of the landlord, where the tenant in possession for a fixed period of time holds over. In such relationship, the landlord could put an end to the tenancy when he thought proper, and under such circumstances treat the one in possession as a trespasser. McLeran v. Benton, 73 Cal. 329, 14 Pac. 879, 2 A. S. R. 814. Under the proof on the part of the plaintiffs in this case, it is apparent that a tenancy at will was created between the father of the plaintiffs and his mother, which continued until the death of the tenant. If it is assumed that the period of time intervening between the date of the death of the son and the allottee was sufficient to justify the implied consent of the allottee to the continued possession by the widow under whom the defendant went into possession, the relationship was terminated by the death of Eunice Hancock, nee Maurer. The death of Eunice Hancock, nee Maurer, occurred in September, 1920, and this proceeding was commenced in December following by Ada Mullen, as guardian of these plaintiffs. The record is silent as to the present guardian giving consent to the continued occupancy by the defendant. But a portion of the defendant's brief is devoted to the charge that immediately after the death of the mother of the plaintiffs, the guardian commenced to harrass the defendant by legal proceedings for the possession. From this it is apparent that the possession of the defendant from the date of the death of the mother of plaintiffs was at sufferance. This being true, notice was not required to be given by the plaintiffs to the defendant for the termination of the tenancy at sufferance. Section 7348, Comp. Stat. 1921. After the plaintiffs had shown the termination of the tenancy at will, and the creation of a tenancy at sufferance, the burden was on the defendant to show the creation of a new status which would require notice to terminate. The defendant failed to discharge this burden. As the record shows that the occupancy of the defendant was at sufferance, the giving of the preliminary notice, preparatory to bringing the forcible entry and detainer proceeding for possession as provided by section 1051, supra, was sufficient. If a tenancy at will had existed between the parties, the statutory notice for terminating the tenancy would have been required. The notice to terminate the tenancy and the preliminary notice to the commencement of

forcible entry and detainer proceedings are unrelated, and the giving of the latter notice alone would not be sufficient to terminate a tenancy at will. If a tenancy at will exists, it would be necessary first to terminate the tenancy before giving the preliminary notice. Martin v. Splivalo, 56 Cal. 128; Sullivan v. Carey, 17 Cal. 80; McDevitt v. Lambert (Ala.) 2 South. 438; Speer v. Smoot (Ala.) 47 South. 256. Judgment in favor of the plaintiffs and against the defendant for possession is supported by the law and is without error.

It is recommended that this cause be affirmed.

By the Court: It is so ordered.