## PARSONS v. ROOT.

No. 16786—Opinion Filed May 25, 1926.

Rehearing Denied Nov. 16, 1926.

(Syllabus.)

**Landlord and Tenant—Oral Lease—Expiration in One Year.**

Where the original lease of real property consists of an oral agreement, and there is an absence of a contract or agreement for an extension of such lease, then, under section 7342, C. O. S. 1921, such lease expires by limitation with the calendar year without notice.

Error from District Court, Woodward County; Charles Swindall, Judge.

Action by Arnold Root against Sherman Parsons. Judgment for plaintiff, and defendant brings error. Affirmed.

Clyde H. Wyand, for plaintiff in error.

Chas. R. Alexander, for defendant in error.

LESTER, J. This action was begun January 13, 1925, by the filing of a bill of particulars in the justice of the peace court, in which plaintiff alleged that he was the owner of and entitled to immediate posses-

sion of certain lands, and that the defendant unlawfully detained the possession thereof.

The only pleading filed in the case was the bill of particulars filed upon the part of the plaintiff, and the record is silent as to who prevailed in the justice court. The case was appealed to the district court, and the same was tried to a jury, and the jury returned its verdict in favor of the plaintiff. The defendant filed a motion for a new trial, which was by the court overruled. Judgment was entered in favor of the plaintiff, and the defendant prosecutes this appeal to reverse said judgment.

The only witness for the plaintiff was C. G. Root, who it appears acted as the agent of the plaintiff in renting said property to the defendant. He testified, in substance, that he rented said lands to the defendant for the year 1923 for the sum of $500: that he again rented the land to the defendant for the year 1924 for the sum of $400, and that the defendant failed to pay the rent on said land for the year 1924. He also testified that the said contract was oral. Witness further testified that he had no contract with the defendant for the year 1925. On December 22, 1924, the plaintiff served notice upon the defendant to quit said premises on or before January 1, 1925. Defendant testified that he and the said C. G. Root, as agent of the plaintiff, in the early part of the year 1923, entered into an oral contract whereby the defendant was to have possession of the land in question for a period of five years, and that as a result of said agreement he paid the plaintiff the rent for the year 1923; that he did certain work and labor on the premises and placed thereon certain improvements which amounted to a sum equal to the value of the rent due for the year 1924. Defendant further testified that during the year 1924, the said C. G. Root, in conversation with the defendant, stated that it was expected that the defendant should remain on said farm as a tenant of the plaintiff for the year 1925. There was a direct conflict in the evidence as to whether the purported oral lease was for five years and also as to whether the plaintiff, through his agent C. G. Root, and the defendant had an understanding that the defendant should remain on the farm for the year 1925.

The court in its instructions to the jury instructed them on the two theories as presented by the evidence of the parties to the action, and the jury found in favor of the plaintiff and against the defendant's contentions.

Section 7342, C. O. S. 1921, provides:

"When premises are left for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will; provided, that no lease or rental contract of premises shall be continued. unless the original contract was in writing, and all other lease or contracts shall expire by limitation with the calendar year, without notice."

We have examined the instructions of the court, and find that they correctly state the law applicable to the issues submitted under the evidence. The defendant cites several cases in support of his contentions, but these cases are not in point, for the reason that the original lease contracts were in writing, but in the instant case it was conceded by all parties that the original contract was oral only, and, as the plaintiff contends, it was made from year to year, as provided by section 7342, supra, "that no lease or rental contract of premises shall be continued, unless the original contract was in writing, and all other lease or contracts shall expire by limitation with the calendar year, without notice."

Finding no prejudicial error in the proceedings below, the judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 C. J. p. 1110 §315; p. 1125 §346.