Note.—See under (1) 38 Cyc. pp. 756, 768; 26 R. C. L. p. 875. et seq.; 4 R. C. L. Supp. p. 1683; 5 R. C. L. Supp. p. 1430. (2) 38 Cyc. pp. 807, 817 (Anno), 820.

---

## WESTHEIMER et al. v. STERLING.

No. 17476—Opinion Filed Dec. 21, 1926.

1. **Landlord and Tenant—Tenancy at Sufferance—Holding Over after Expiration of Written Lease with Federal Receiver.**

A tenant who remains in possession of premises after the expiration of a written lease made with a federal receiver of the property is a tenant at sufferance, because such receiver is without authority, either expressly or impliedly, to permit a holding over of the property where the same has been ordered sold by the court.

2. **Same—Oral Lease for One Year Terminated Without Notice.**

Where sale is made of the premises a few days after expiration of the lease and the new owners thereafter enter into an oral contract with the tenant for the current year upon the same terms and conditions as those embodied in the written contract with the receiver, which provided for termination thereof December 31st, such oral contract is merely a lease for one year, is independent of and has no relation to the receiver's contract, and no notice is necessary to terminate such tenancy at the ex-

piration of the calendar year. (Comp. Stat. 1921, sec. 7342.)

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Max Westheimer et al. against Matt Sterling in unlawful detainer to recover possession of certain real estate. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Plaintiffs commenced their action in the justice court, where judgment was recovered for possession of the premises involved. On appeal by defendant to the district court the cause was tried de novo, resulting in a verdict and judgment in favor of defendant. Plaintiffs' bill of particulars was in the usual form for actions of this character, and the answer of defendant consisted of a general denial. It is agreed that the statutory notice to quit and deliver possession was served on defendant. After unsuccessful motion for new trial plaintiffs have brought the case here for review by petition in error with case-made attached.

George S. Ramsey, Edgar A. de Meules, Villard Martin. and T. G. Logan, for plaintiffs in error.

E. L. Kirby and T. M. Markley, for defendant in error.

Opinion by LOGSDON, C. For reversal of this case plaintiffs rely upon two propositions, but the first is determinative. It reads:

"Matt Sterling held the property under a tenancy expiring December 31, 1924, by its own terms, without notice or demand for possession. He was not a tenant from year to year and was not entitled to three months' notice to quit. He was a tenant wrongfully in possession after the expiration of his term."

To the consideration of the above proposition a brief statement of the facts disclosed by the record is necessary and may be made in substance as follows:

On or about May 15, 1923. defendant entered into an agricultural lease with R. C. Burris, receiver, appointed by the federal court, and who was in control and possession of the premises here involved. This lease was in writing and was for a term beginning May 1, 1923, and ending December 31, 1923. It contains the following provision:

"Said parties of the second part further covenant with the said party of the first part that at the expiration of the time mentioned in this lease peaceable possession of the said premises shall be given to the party

of the first part in as good condition as they are now. * * *"

On January 14, 1924, the instant plaintiffs acquired title to the property under a deed from the referee in bankruptcy under the orders and direction of the federal court. After the purchase of the property one of the plaintiffs went upon the property in February, 1924, and found defendant still in possession. As to what then occurred defendant testified as follows:

"Q. What did he (Westheimer) say with reference to the year 1924? A. He entered on the same contract, on the original contract, for the year 1924. Q. Carrying out the same terms as were in the contract written by Mr. Burris. A. Yes, sir. Q. Did Mr. Burris, the federal receiver, have knowledge that you were staying on the premises for the year 1924? A. Well, I don't know whether he did or not. I guess he did."

Notwithstanding the foregoing testimony of defendant as to the nature of his tenancy during the year 1924 the court, over the objection and exception of plaintiffs, gave to the jury the following instruction:

"Gentlemen of the jury, you are further instructed that if you find and believe from the evidence that the defendant, Matt Sterling, was holding the premises in controversy for the year of 1923, under a written contract, and held over under such contract for the year of 1924, he was what is known in law as a 'tenant from year to year' and in order to divest him of his right to hold and occupy said lands for the year of 1925, it was necessary that plaintiff cause him, the said defendant, to be served with written notice to vacate given at least three months prior to the expiration of the year 1924; and that should you also find and believe from the evidence that such written notice was not given and served upon said defendant by said plaintiff, it will be your duty to find for the defendant."

In support of the correctness of this instruction defendant makes the contention that Sterling's occupancy of the premises during 1924 was a mere holding over under the provisions of his written contract with the receiver, and that this constituted him a tenant from year to year and necessitated a 90 day notice to him to quit possession before his holding over during the year 1925 became a wrongful detention of the property. This contention of defendant is thus stated in his brief:

"It is the contention of the defendant, Matt Sterling. that his lease, taken from R. C. Burris, receiver of the lands herein in controversy, under appointment by the federal court, was a valid and perfect lease for the year of 1923; that in January, 1924, having had no word from Mr. Burris, he elected to hold over under such lease and remain on the land. Shortly thereafter Westheimer, et al., having bought the land, seeking out that which they had purchased, found Matt Sterling in possession and inquired of him how he came into possession; whereupon Sterling explained his possession, his holding over, and the amount of rent to be paid by him under the written contract made with Burris as receiver. Westheimer thereupon agreed and consented to Sterling's holding over under the terms of his original lease. Sterling's possession thus became that of a tenant from year to year, and he could not lawfully be divested thereof without the giving of the 90 day notice contemplated by the statute. Contrary to plaintiffs' frequent assertions, this was the theory upon which defendant tried the case, and such is the theory upon which it is now briefed."

That this contention of defendant is legally erroneous is evident from the fact that the receiver was without authority to create by express or implied consent a tenancy at will or from year to year. His sole authority to lease was that given him by the court. Since the court had ordered the property sold, and the purchaser would be entitled to possession thereof. there can be no question in this case that Sterling's occupancy of the premises between December 31, 1923, and the date of Westheimer's visit to the premises in February, 1924, was merely at sufferance. In the recent case of Hancock v. Maurer et al., 103 Okla. 196, 229 Pac. 611, this court, in the fourth paragraph of the syllabus, uses this language:

"A tenant at sufferance is one who rightfully comes into possession of real estate for a certain period of time and continues to hold the possession after the expiration of the rightful tenancy, without the express or implied consent of the owner. Notice is not required to terminate a tenancy at sufferance."

Defendant then entered into a new express oral contract with the new owners, which he says was upon the same terms and conditions as the written contract with the receiver. This would make the oral contract expire December 31, following. Not only is this true under defendant's own testimony, but it is likewise true by reason of statutory provisions. Comp. Stat. 1921, sec. 7342, after defining a tenancy at will. provides:

"That no lease or rental contract of premises shall be continued. unless the original contract was in writing, and all other leases or contracts shall expire by limitation with the calendar year, without notice."

The original contract between the instant

parties was not in writing. By reason of the above statutory provisions, and the testimony of Sterling, it is clear that the oral contract made between Sterling and Westheimer in February, 1924, was for the calendar year, and expired by its own limitation December 31, 1924. No notice was required to terminate this tenancy. It terminated by virtue of the agreement of the parties and the statutory provisions above quoted on December 31, thereafter. In the recent case of Chi-Okla. Oil & Gas Co. v. Shertzer, 105 Okla. 111, 231 Pac. 877, this court said, in paragraph 10 of the syllabus:

"The duty of the landlord to give notice of his intention to terminate the tenancy rests upon the fact that the term of the tenancy is of uncertain duration, and the tenant is entitled to notice so that he may protect his crops and property on the premises."

For the reasons and upon the authorities above cited and quoted from, it must be held that the trial court committed prejudicial and reversible error in giving the instruction heretofore quoted.

By instruction No. 3 the court correctly stated the law to the jury which is applicable to the facts disclosed by the record, but instruction No. 2 heretofore quoted is in direct and irreconcilable conflict with this correct instruction. That this court has uniformly condemned such practice in instructing juries is shown in the following authorities: First National Bank v. Nolen, 59 Okla. 20, 157 Pac. 754; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538; Nero v. Nero, 80 Okla. 185, 195 Pac. 492; First National Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

The judgment of the district court is vacated, and this cause is remanded, with directions to the trial court to grant plaintiffs a new trial of the action, to be conducted in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 1136, §372 (Anno); 16 R. C. L. p. 617; 4 R. C. L. Supp. p. 1071. (2) 35 C. J. p. 1047, §202.