## HICKEY et ux. v. WHITFIELD.

No. 20594.   Opinion Filed Nov. 3, 1931.

H. T. Church, for plaintiffs in error.

Woodard & Westhafer, for defendant in error.

RILEY, J.  This is an appeal from a judgment in an action in unlawful detainer.

Plaintiffs in error, hereinafter referred to as defendants, held the premises in controversy under a lease for a period of five years ending August 1, 1927.  At the expiration of the written lease plaintiff's agent claims to have gone to defendant, and by oral agreement rented the premises to defendant for another term of one year, and collected the rent therefor in advance, in the same amount as the annual rental under the written lease.

Defendants contend that they held over after the expiration of the written lease with the consent of the plaintiff, and without any definite understanding or agreement as to how long they should hold, but admit they paid the rental in advance for one year.

On July 23, 1928, plaintiff notified defendants in writing that their lease would expire August 1, 1928, and demanded posression on or before the latter day.  Defendants refused to vacate and on August 2, 1928, plaintiff caused defendants to be notified to vacate, and that upon their failure so to do, suit for possession would be brought under the forcible entry and detainer act after three days.  Upon failure of defendants to vacate, plaintiff commenced this action in justice of the peace court in the city of Tulsa on August 9th.  Trial was there had, resulting in a judgment for plaintiff.  Defendants appealed to the court of common pleas of Tulsa county, where a jury was duly impaneled to try the issues.  At the close of plaintiff's evidence, defendants demurred thereto, which demurrer was overruled.  Thereupon defendants put on their evidence, and at the close thereof plaintiff demurred to defendants' evidence.  The demurrer was sustained, the jury discharged, and the court entered judgment for plaintiff.  From this judgment defendants appeal.

Defendants first contend that the court erred in overruling their demurrer to plaintiff's evidence.  Their contention is not well taken.  Plaintiff proved the service of the statutory notice more than three days before filing the complaint.  Plaintiff's evidence was, in substance, that on or about the time the five-year lease expired, plaintiff, through her agent, had a transaction with defendants whereby she rented them the premises

under an oral agreement for one year to expire August 1, 1928, at an agreed rental of $50; that defendants paid in the rent in advance, and that the agent gave them a written receipt therefor. The receipt is in evidence, and is as follows:

"Received of W. S. Hickey, $50, in full payment of rental on land 800 ft. by 100 ft. as per contract from 8/1/1927 to 8/1/1928, in sec. 12, T. N9N., R. 10 E. Dated this 2nd day of August, 1927."

It is next contended that the court erred in sustaining plaintiff's demurrer to defendants' evidence. This requires an examination of all the evidence. The entire controversy depends upon whether defendants, after the expiration of the written lease, were tenants at will or tenants for a definite term. If the tenancy was one of will, no sufficient notice to terminate same was given, for by section 7344, C. O. S. 1921, 30 days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, and no such notice was given by plaintiff 30 days before commencing the action.

The evidence of defendants as to how they came to occupy the premises after August 1, 1927, is, in substance:

"Q. Now, how did you come to occupy those premises after August 1, 1927? A. Well, Mr. Nelson come out there on August 1, 1927, and he received another year's rent and said nothing about a new contract, he just come out there about August 1, 1927, and I handed him $50, and then at that time gave me a receipt for the $50 for another year."

Defendants admitted the genuineness of the written receipt and acknowledged that they accepted it from plaintiff's agent at the time.

From defendants' own evidence and the written receipt it appears clearly that they were not tenants at will, but were, as claimed by plaintiff, tenants for a definite term, namely, one year from August 1, 1927. This being true, no notice to terminate the tenancy was necessary.

Section 7348, C. O. S. 1921, provides:

"When the time for the termination of a tenancy is specified in the contract, * * * no notice to quit shall be necessary."

Section 7372, C. O. S. 1921, provides:

"A lease of real property, other than lodgings, in places where there is no usage on the subject, is presumed to be for one year from its commencement, unless otherwise expressed in the lease."

Defendants rely on section 7374, C. O. S. 1921, which reads:

"If a lessee of real property remains in possession thereof after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year."

This section does not help defendants, for the reason that the presumption therein provided for is that the written lease is renewed for a period not exceeding one year. If their contention is true, they had the benefit of that one year.

Defendants also cite section 7342, C. O. S. 1921, which in part reads:

"When premises are let for one or more years and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will."

A tenancy at will has been held to be the holding of the possession of real estate by the consent of the owner for an indefinite period of time. Hancock v. Maurer, 103 Okla. 196, 229 P. 611.

Defendants' own evidence and the written receipt accepted by them show a definite period of time. Therefore, this section does not help defendants.

Other assignments of error are made, but upon consideration thereof, they appear to be without merit.

The order and judgment of the trial court were correct and are hereby affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.