## TURNER v. BISHOP.

No. 27015. June 29, 1937.

Rehearing Denied Sept. 21, 1937.

Application for Leave to File Second Petition for Rehearing Denied Oct. 19. 1937.

H. A. Johnson, for plaintiff in error.

Cress, Tebbe & Cress, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff commenced this action in a justice of the peace court for the possession of a quarter section of farm land. Plaintiff rented the quarter in question for the year 1923 and went into possession and retained possession of the same continuously up to and until the 18th day of March, 1935, when he was ousted from the same by the threats of the defendant. He brought this action for forcible entry and detainer.

The particular quarter section was pasture and wheat land and "cornered" on the quarter section on which the plaintiff was residing. Judgment was for the plaintiff both in the justice of the peace court and in the district court.

For a reversal of the cause defendant alleges that the facts are undisputed that the plaintiff had no contract for the premises for the year 1935, but merely remained on the premises, and that under section 10898, O. S. 1931, his lease expired at midnight of December 31, 1934, without further notice. He cites in support of the proposition the section of the statute itself and Parsons v. Root, 122 Okla. 25, 250 P. 503. We cannot agree with the defendant's first statement that the evidence is not in dispute as to the rental contract for the year 1935. Plaintiff alleges that he rented the same, and there is testimony in the record which, if believed, would support that allegation. It appears that in September, 1934, plaintiff and defendant had a conversation in which it was agreed that the plaintiff should have all of the pasture but 25 acres which the defendant wanted to plant to wheat because it had grown up in rag weeds. The defendant does not purport to abstract the evidence. In this respect attention is called to Rule 10 of this court. If the defendant wanted to sustain his position in this respect, he should have made at least a reasonable analysis of the testimony in his brief for the information of this court. In the absence of such abstract of evidence, we must assume that the allegation of the plaintiff that he rented the place in 1935 is supported by the evidence, and we think that it is.

In the second place, Parsons v. Root, supra, was construing section 10898, supra, which provides that no lease shall be continued unless the original lease was in writing. We think that case correct. There was no contention that the defendant therein was holding over with the assent of the landlord. He was in possession under an oral lease for the year 1924. He claimed to have an oral contract for 1925, and the court found against him on this point. In December of 1924 he was given a written notice to quit, so he could not in good faith claim he had any assent of the landlord for 1925.

Section 10897, O. S. 1931, provides that any person in the possession of real property with the assent of the owner is presumed to be a tenant at will unless the contrary is shown, except as otherwise provided in the section on landlord and tenant. Section 10898, supra, did not repeal section 10897, and has no application to a case where the person in possession of real estate continues over with the assent of the owner. It merely provides that no lease or rental contract of the premises shall be continued unless the original contract was in writing, and further provides that all other leases, meaning, of course, oral contracts, shall expire by limitation with the calendar year without notice. In Westheimer v. Sterling, 123 Okla. 7, 251 P. 738, we applied this section to an oral lease for one year and held that where there was an oral lease with the new owner of the land after the termination of a prior written lease, the same expired and could be terminated without notice. Neither of the above cases has any relation to the provisions of section 10897, supra. As to whether or not the person in possession remains on the land with the assent of the owner and thus becomes a tenant at will under the provisions of that section, is

a matter of fact to be determined from all of the evidence. The assent may be either express or implied. Hancock v. Maurer, 103 Okla. 196, 229 P. 612.

We are of the opinion, and hold, that there was evidence from which the court was warranted in finding either that there was a contract entered into in September of 1934 for the rental of the premises in question or that. the plaintiff was in the possession of the real property with the assent of the owner. Under either theory the opinion and judgment of the lower court was correct.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.