Bonnie **GAITHER**, dba Cavanaugh Coal Company, Plaintiff,

v.

Sid **BYERS** et al., Defendants.

Civ. No. 5164.

United States District Court
E. D. Oklahoma.

Sept. 26, 1963.

steel and sheetiron building with certain machinery located therein, along with other buildings, were purchased at bankruptcy sale by a predecessor in title to the defendant, Houston. These buildings and contents were severed from the land by the bankruptcy court and a prescribed period of time was allowed for their removal from the land on which they were situated. To extend the removal period, the other buildings were eventually conveyed to the plaintiff as the land owner. A further extension of time for removal until January 1, 1959, of said steel and sheetiron building and machinery therein, was entered into on December 2 or 3, 1957, between plaintiff as the land owner and the defendant's predecessor in title, and as consideration for this extension the defendant's predecessor in title agreed upon removal to leave in place the support beams that held up the floor. Defendant's predecessor in title was represented by one Simon Elliott in the act of obtaining said last extension agreement. Said Elliott hired a watchman to safeguard and care for said property at about the time of obtaining said last extension.

Said building and the machinery located therein, were not removed by January 1, 1959. In February, 1959, it became necessary to replace the original watchman who had been hired and the plaintiff assisted Elliott in hiring a new watchman at $150.00 per month. This new watchman happened to be a relative of plaintiff named Curtis Garrett. Garrett lived in a house nearby furnished by plaintiff and apparently did some chores or work for plaintiff, as well as being engaged as a watchman for the owner of the building and machinery. This watchman continued to look after and hold possession of said property for Elliott and the defendant, Houston, until the defendant, Houston, started removal of the building and machinery by its agents, one of whom was Buck Love, co-defendant herein.

After January 1, 1959, the plaintiff never demanded rent from Elliott nor a further extension agreement, nor did

Elton E. Thompson, Poteau, Okl., Joe Boatman, Muskogee, Okl., for plaintiff.

Sam Goodkin, Ft. Smith, Ark., for defendants.

DAUGHERTY, District Judge.

This case involves the basic question of whether or not the defendant, Houston Compress Steel Company, has the right to remove a part of a steel and sheetiron building which had been severed from the realty, or if such right has been lost and ownership of said building now belongs to the plaintiff, Bonnie Gaither, dba Cavanaugh Coal Company, the owner of the realty on which such building is located.

In 1953 the plaintiff bought approximately 850 acres in Leflore County, Oklahoma, at bankruptcy sale. At all times herein involved, the husband of the plaintiff, Bonnie Gaither, acted as her agent and within the scope of his authority as such. Prior to this purchase a large

plaintiff ever demand that Elliott remove the property at or within any time. The defendant, Houston, or its predecessors in title paid the ad valorem taxes on said building and machinery for all years from 1955 until 1962, inclusive. This property was assessed separately from the land.

In May of 1961, Elliott sold the said building and machinery to the defendant, Houston Compressed Steel Company. Before completing the purchase of this property, the defendant Houston, by Mr. Byers, its President, called the plaintiff by long distance telephone regarding the proposed purchase for the purpose of discussing same and the matter of the steel support beams referred to in the last extension agreement. A further long distance telephone conversation was had between the same parties about three weeks after the sale was completed to the defendant, Houston. During neither conversation or thereafter did the plaintiff claim ownership of the building or machinery save the right to the support beams holding up the floor pursuant to the last extension agreement, or did plaintiff voice objection or give warning to the defendant, Houston, about its buying the property.

In January or February, 1962, the defendant, Houston, sent its agents to the property to remove the machinery and dismantle the building. At this time the watchman Garrett was still in possession of the building and machinery for the defendant. Upon commencing said removal by the agents of defendant, the plaintiff for the first time claimed ownership of the entire building but allowed the defendant to remove all machinery therein and to open the sides of the building for such purpose as necessary to remove said machinery, which removal of machinery was completed by May of 1962. This claim of plaintiff was made to Buck Love, the agent of defendant, Houston, in January or February of 1962. Love communicated this information to the defendant, Houston, which was the defendant Houston's first notice of any such claim by the plaintiff.

In May, 1962, at about the time the machinery was all removed, the plaintiff filed a suit in State Court requesting an injunction against the defendant, Houston, preventing the removal of the building. A temporary restraining order was issued by the State Court against removal, which has been kept in force and effect. This case was removed to this court, which has jurisdiction by virtue of a diversity of citizenship with the required amount being involved. By subsequent amendment in this court, plaintiff seeks recovery for the damage to the building occasioned by the defendant's removal of the machinery which plaintiff claims was unnecessarily done in connection with said removal of machinery. The defendant, Houston, by its pleadings, claims ownership of the building with the right to remove same except the steel beams which support the wall next to the lake and requests damages from plaintiff for the wrongful detention of said building. The claim for damages for wrongful detention was withdrawn by defendant, Houston, during the trial.

Thus, the plaintiff, according to opening statement, claims ownership of the building from the floor down by virtue of the last extension agreement and claims ownership of the building above the floor by reason of the defendant, Houston, and its predecessors in title, failing to remove the same by January 1, 1959, the termination date of the last written extension. Plaintiff makes no claim to the machinery but requests judgment for damages to the building brought about through the removal of said machinery by the defendant, Houston.

The defendant, Houston, claims it owns the building except for those steel beams which support the lake wall, asserting that it and its predecessors in title occupied and had possession of said building and machinery after the termination date of the last extension agreement of January 1, 1959, and at all times thereafter on a continuous basis until they were enjoined by the temporary restraining order issued by the State

Court in the suit filed in May, 1962, by the plaintiff. The defendant, Houston, further asserts that plaintiff aided them in their continuous possession of said property, acquiesced in their possession and occupancy of the same, and never made any demand for rent or removal or made claim of ownership until dismantling began in January or February, 1962.

It appears from the testimony that the steel in the building is valued at approximately $20,000.00, and within such figure the steel beams supporting the floor have a value of approximately $3,000.00. The testimony is further to the effect that 120 days would be a reasonable time required for the removal of the building. Further it appears that there was some understanding that any debris resulting from removal of building or machinery would be moved by the defendant to a nearby ravine, this to cost as estimated somewhere between $700.00 to $2,000.00, according to the evidence.

It is undisputed that the building involved in this litigation was severed from the land with right of removal, which right existed by virtue of written extensions until January 1, 1959. Thus the building was a chattel and became a fixture with reference to the land upon which it was situated. It is quite definite that the owners of said building had actual and continuous possession and occupancy of the same by their watchman and later by dismantling and removal agents from a time well before January 1, 1959, and thereafter continuously until the State suit was filed by plaintiff and the temporary restraining order obtained against further removal.

■ Thus, the predecessors in title of the defendant, Houston, and the defendant, Houston, upon its purchase of the property, became and were tenants at will of the plaintiff after January 1, 1959, by virtue of their said continuous possession which was recognized and in fact assented to by the acts and conduct of the plaintiff.

The defendant, Houston, and its predecessors in title were in possession of that part of the real estate of plaintiff on which the said building and machinery was situated at all times from prior to January 1, 1959, until the State Court injunction was obtained in May of 1962. 41 O.S.A. § 1; Jones v. Goldsberry, (1926), 118 Okl. 219, 247 P. 60; Hancock v. Maurer (1924), 103 Okl. 196, 229 P. 611; 6 A.L.R.2d 342 and 36A C.J.S. Fixtures § 41, p. 698.

■ The predecessors in title of the defendant, Houston, and the defendant, Houston, had the right to remove the building (except the support beams) at all times after January 1, 1959, by virtue of said tenancy at will so long as they remained in possession of said property and without receiving from plaintiff a termination of said tenancy at will and a demand of removal of said fixtures. 6 A.L.R.2d 329, 338; Brown v. Reno Electric Light & Power Co., C. C., 55 F. 229; 22 Am.Jur. 757; and 36A C.J.S. Fixtures, p. 698.

■■ A tenant at will may be created expressly or by implication. Turner v. Bishop (1937), 181 Okl. 61, 71 P.2d 1088; 32 Am.Jur. 81. An obligation to pay rent is not a necessary incident of a tenancy at will. Berry v. Opel (Okl. 1945), 154 P.2d 575; 32 Am.Jur. 81, 82.

■ The defendant, Houston, and its predecessors in title never surrendered possession of said building after January 1, 1959, and were in possession of same when the suit was filed in State Court and the temporary restraining order obtained by plaintiff against further removal. Such litigation and temporary restraining order serve to hold such possession in status quo until the final adjudication of the matter in this proceeding. 6 A.L.R.2d 350, 351.

■ An interpretation and construction of the language used in the last written extension with reference to the support beams requires the conclusion of this Court that the plaintiff is entitled to have left in place all the steel beams below the floor level and not just those that might serve to bolster the wall next to the lake. The language used: "Support beams that hold up the floor" cannot

fairly be said to refer only to those beams supporting a vertical wall next to the lake. Since the evidence is that plaintiff intended at the time of granting the last extension to make a resort area of the place and use the plant site as a dock, it is logical to believe that such dock would include the wall next to the lake and the floor of the building back of that wall. The Court therefore concludes that the plaintiff is entitled to have left in place all steel beams below the floor level, which is to say that the defendant, Houston, is not entitled to remove same. It is true, perhaps that some steel beams below the floor level supported boilers which have been removed instead of a floor as such. It is not recalled from the evidence as to whether the support beams held up a floor on which the boilers were situated or if they only held up the boilers and no floor was involved. If the first situation prevailed then the beams supported a floor. If the last situation prevailed, then when the boilers were removed they would support a floor in lieu thereof. Thus, it is felt that all steel beams below the floor level belong to the plaintiff by virtue of the last written extension agreement.

The defendant, Houston, still owns the building, less said support beams, for the reasons set out above, and still has the right to remove same within a reasonable period of time. The Court finds 120 days to be a reasonable time for removal and the defendant, Houston, is allowed such period of time for removal, said period to begin when this litigation is finally adjudicated. See 6 A.L.R.2d pg. 351–355. In connection with the said authorized removal by the defendant, Houston, the Court further finds that the defendant, Houston, should clean up all debris resulting from said removal, including the removal of the machinery and move same to the nearby ravine agreed upon. Failing to do this within the said 120 day period the plaintiff is then entitled to have judgment against the defendant, Houston, for the sum of $2,000.00 to cover the cost thereof.

Plaintiff's claim of ownership of the building above the floor level is found to be without legal support for the above reasons, and is therefore without merit. Since the building above floor level belongs to the defendant, Houston, and so belonged to said defendant at the time it removed its machinery, the plaintiff is not entitled to recover judgment for any damage to the building caused by said removal of machinery.

Counsel for defendant, Houston, will prepare the judgment of the Court based upon the foregoing memorandum opinion and submit the same to the Court for signature and filing. Time for appeal in this case will not commence until said judgment is signed and filed in this case.